IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAWRENCE D. DEMPSTER,              CASE NO. 2:10-cv-0085
                                      CRIM. NO. 2:08-cr-0043(1)

      Petitioner,

v.

                                        JUDGE WATSON

UNITED STATES OF AMERICA,

      Respondent.

<u>REPORT AND RECOMMENDATION</u>

On January 20, 2010, petitioner, Lawrence D. Dempster, filed a motion to correct or vacate sentence pursuant to 28 U.S.C. §2255. The case is before the Court on the petition, the United States' response, petitioner's traverse, and the exhibits of the parties, as well as the file in the underlying criminal case. For the following reasons, it will be recommended that petitioner's motion to vacate be **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted by the grand jury on March 6, 2008 and was charged with conspiracy to distribute and to possess to distribute 500 or more grams of cocaine (Count 1), the possession with intent to distribute 500 or more grams of cocaine (Count 2), and possession of marijuana (Count 4). Pursuant to a plea agreement, he pleaded guilty to Count 1. On January 16, 2009, he was sentenced to 84 months in prison, to be followed by four years of supervised release. Judgment was entered on January 22, 2009. No appeal was taken from the judgment of conviction.

According to the statement of facts which was read into the record at the change of

plea hearing held on August 25, 2008, law enforcement officials had been conducting surveillance on petitioner's co-defendant, Anthony Ward, prior to November 9, 2006, based on suspicions that he was involved in drug trafficking.  On that day, Mr. Ward was seen driving in tandem with another vehicle, which, as it turned out, was being driven by petitioner.  The two stopped at a gas station and petitioner opened the trunk of his car, displaying two large black trash bags.  They left that location and a traffic stop was made. A drug-sniffing dog alerted on petitioner's car and it was searched.  Half a kilogram of cocaine was found in the trunk.  Petitioner's fingerprints were on all of the cocaine packaging.  On that basis, he was charged with the cocaine conspiracy count to which he pleaded guilty.  *See Transcript of August 25, 2008 proceedings, Docket #75.*

In his motion to vacate, petitioner contends, first, that he was not responsible for the amount of cocaine charged in Count 1.  He asserts that the Delaware County Sheriff's Department calculated the weight of the cocaine as 476 grams, and not the 523.1 grams referred to in the statement of facts.  Second, he claims that he did not receive the effective assistance of counsel because counsel did not make an issue of the proper weight of the cocaine.  He also suggest that counsel pressured him into pleading guilty by telling him that he might be found to be a career criminal if he did not enter a guilty plea.

Petitioner was represented at all times by attorney Thomas Charlesworth.  On March 22, 2010, petitioner filed a waiver of attorney-client privilege with respect to Mr. Charlesworth.  The United States, as part of its response, submitted an affidavit from Mr. Charlesworth.  Its content is summarized as follows.

2

The issue concerning the weight of the cocaine came up early in the case because the lesser weight of 476 grams appeared in a prior charging document filed in state court. Eventually, Mr. Charlesworth received the laboratory reports which were done subsequent to the initial weighing of the cocaine by Delaware County personnel. The report concerning the cocaine seized from petitioner's vehicle showed a weight of 523.1 grams. Mr. Charlesworth concluded that the discrepancy was likely the result of "a less than exact measuring" when the cocaine was first seized. The other alternative would have been that law enforcement officials added some cocaine to the amount seized from petitioner prior to the laboratory testing, a theory which Mr. Charlesworth believed would be difficult or impossible to prove. The pertinent laboratory report, which is attached to Mr. Charlesworth's affidavit, shows that the four packages of cocaine which were seized from petitioner's car were weighed individually. The four packages weighed 123.4 grams, 123.7 grams, 156.6 grams, and 119.4 grams, for a total weight of 523.1 grams.

## II.  CLAIM ONE

Petitioner's first claim is that the evidence does not support the charge to which he pleaded guilty because only 476 grams of cocaine was seized from his vehicle. Respondent characterizes petitioner's first claim as raising the issue of whether, in violation of the rule set out in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the prosecution withheld evidence favorable to the defendant, and argues that the claim is factually unsupported. In particular, respondent contends that there was no evidence about any lesser weight of cocaine which was withheld, and that the documents which showed a lesser weight were

3

all matters of public record and were disclosed to petitioner and his counsel prior to or at the time of the guilty plea.

The legal basis of petitioner's first claim is not exactly clear.  At one point, he appears to argue that the indictment was defective because it charged petitioner with conspiring to possess more cocaine than he was charged with in state court.  At another point, he appears to argue that the prosecutor violated a duty owed to the Court to bring to the Court's attention mitigating evidence.  Additionally, citing to *Grisby v. Blodgett*, 130 F.3d 365 (9th Cir. 1997), he argues that the government's suppression of exculpatory evidence violated the Due Process clause.  Finally, in his traverse, he characterizes his claim as raising "the misconduct of the government in charging Dempster with a drug quantity that so grossly over-exposes Dempster to the crime he committed," Doc. #84, at 2, and he argues that he was misled into believing that he was avoiding a potential doubling of his sentence, pursuant to 21 U.S.C. §851, based on a prior conviction, whereas that provision only doubles mandatory minimum sentences, and being found guilty of possession of less than 500 grams of cocaine does not carry a mandatory minimum sentence.

The primary problem with petitioner's first claim is that he pleaded guilty.  Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.2001); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir.1991);

4

*Austin v. Perini,*, 434 F.2d 752 (6th Cir.1970). As the Supreme Court observed in Tollett:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

397 U.S. at 267. *See also McMann v. Richardson*, 397 U.S. 759, 768-69, 771 (1970). "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea thus waives the constitutional rights inherent in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004); *see also Boykin v. Alabama*, 395 U.S. 238, 243(1969). Although a defendant who pleads guilty may attack the validity of his guilty plea by showing that under the circumstances his guilty plea was not intelligently or voluntarily entered, *Tollett*, 411 U.S. at 267, petitioner has made no such claim in this case.

The claims which petitioner raises concerning the sufficiency of the evidence are specifically waived by a guilty plea. The Court of Appeals has held that "an attack on the sufficiency of the evidence that might have been produced at trial ... [is] clearly waived by defendant's guilty plea." *United States v. Marini*, 810 F.2d 80, 84 (6th Cir. 1987). To the extent that petitioner makes a *Brady v. Maryland* claim, although the entry of a guilty plea may not completely foreclose this claim, the Court of Appeals has held that if a *Brady* violation can be proved when the defendant has pleaded guilty, the defendant can obtain relief not

5

simply by showing that the withheld evidence was exculpatory, but that the petitioner's knowledge of the withheld evidence "would have been controlling in the decision whether to plead." *Campbell v. Marshall*, 769 F.2d 314, 324 (6th Cir. 1985).

This standard cannot be met here. The record is undisputed that petitioner and his counsel did know of the discrepancy in the weight of the cocaine prior to the entry of petitioner's guilty plea, so no evidence of any kind relating to the weight of the cocaine was withheld from petitioner by the prosecutor. Moreover, any non-jurisdictional challenges to the sufficiency of the indictment - a claim which petitioner also may be raising - are waived by the entry of a guilty plea. *See, e.g., Flowers v. United States*, 208 F.3d 213, *5 (6th Cir. January 24, 2000) (unpublished), holding that, under *Tollett v. Henderson, supra,* the "failure to challenge the indictment prior to pleading guilty is fatal to ... §2255 claims."

Finally, in his traverse, as noted above, petitioner claims that the government grossly overstated the amount of cocaine seized from his trunk and that this misconduct should, on some theory, void his guilty plea. He supports this claim with the assertion that he knew exactly how much cocaine was placed in his trunk by his supplier and that "it was not 523.1 grams." Doc. #84, at 5. Again, the problem with this argument, apart from the fact that it was likely waived by the guilty plea, is that the government's position as to the weight of the cocaine was not pulled from thin air, but supported by laboratory reports which fully supported the quantity alleged. The government can hardly be said to have overreached when the most reliable weighing of the cocaine precisely supported its position. Petitioner's position, on the other hand, is supported only by is own alleged

knowledge about the weight of the cocaine, and his traverse is silent on how he came to possess that knowledge.  Even if an honest difference of opinion existed, however, that would not be adequate support for petitioner's claim about prosecutorial over-reaching. In short, his various theories of relief all depend on facts that are not present on this record. Thus, petitioner is not entitled to any relief on his first claim.

### III.  CLAIM TWO

In his second claim, petitioner asserts that his appointed counsel, Thomas Charlesworth, failed to provide him with the effective assistance of counsel guaranteed by the Sixth Amendment because he did not adequately pursue the issue of the discrepancy between the state court complaint and the federal indictment concerning the weight of the cocaine.  Respondent asserts that this claim, too, lacks a factual basis because Mr. Charlesworth did pursue the issue and because the discrepancy has been adequately explained.  The Court agrees that this second claim is also without merit.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id.* at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . To establish the second prong of the *Strickland* test, prejudice, a Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Here, it was certainly not unreasonable for Mr. Charlesworth, in light of all of the evidence, not to challenge the weight of the cocaine attributed to petitioner.  As noted above, the discrepancy in weights has been adequately explained.  The failure to make such a challenge also did not prejudice petitioner, because there is little or no likelihood that the challenge would have been successful.

As the Court reads the petition, the single statement made about Mr. Charlesworth's having been ineffective because he recommended a plea based on the possibility that, if petitioner were convicted at trial, he would be found to be a career criminal, is not really an independent claim.  As petitioner states in his supporting memorandum, Doc. #72,

Attachment 1, at 7, "This entire matter revolves around the weight of the drugs found in Dempster's trunk on November 9, 2006." Petitioner has argued only that the weight of the drugs should have been contested in connection with the guilty plea proceedings, and not that, had the issue ultimately been resolved against him (as it clearly would have been), he still would have pleaded not guilty. Thus, there is no basis for providing petitioner with any relief on his ineffective assistance of counsel claim.

## IV.  RECOMMENDED DISPOSITION

For all of the foregoing reasons, it is recommended that the instant petition be **DENIED.**

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

*Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge